UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| W.S., a minor,<br>on behalf of ROYAL S. (deceased),<br><br>    Plaintiff,<br><br> v.<br><br>COMMISSIONER SOCIAL SECURITY<br>ADMINISTRATION,<br><br>    Defendant. | Case No. 6:21-cv-01263-AR<br><br>OPINION AND ORDER |

**ARMISTEAD, Magistrate Judge**

  Plaintiff W.S., (a minor), on behalf of Royal S. (deceased) seeks judicial review of the Social Security Commissioner's final decision denying Royal's application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-403.[1] In this case,

---

[1] W.S. is a proper party for purposes of litigating Royal's Title II claim in this Court, *see* 20 C.F.R. § 404.503(b), but not a proper party for litigating Royal's denied Title XVI claim, see 20 C.F.R. § 416.542(b)(1). Plaintiff only challenges denial of Royal's Title II application here.

Page 1 – OPINION AND ORDER

the Administrative Law Judge determined that Royal's statements about the intensity, persistence, and limiting effects of his symptoms conflicted with the medical and other evidence in the record. Plaintiff challenges the ALJ's evaluation of his subjective symptom testimony and related lay witness statements from Royal's ex-wife. Because the court finds that the ALJ provided specific, clear, and convincing reasons supported by substantial evidence to discount plaintiff's subjective symptom testimony, and that those same reasons adequately supported the ALJ's decision to discount the lay witness testimony, the court affirms.[2]

## ALJ'S DECISION

In denying Royal's application for Disability Insurance Benefits ("DIB"), the ALJ followed the five-step sequential evaluation process.[3] At step one, the ALJ determined that Royal had not engaged in substantial gainful employment since August 13, 2018. (Tr. 17.) At step two, the ALJ determined that he had the following severe impairments: osteoarthritis, status-post metacarpal fracture, and hypertension. (Tr. 18.) At step three, the ALJ determined that his impairments singly or in combination did not meet or medically equal the severity of any listed impairment. (Tr. 18.)

---

*See* ECF No. 17 at 2.

[2] This court has jurisdiction under 42 U.S.C. § 405(g), and all parties have consented to jurisdiction by magistrate judge under Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). ECF No. 6.

[3] To determine a claimant's disability, the ALJ must apply a five-step evaluation. *See* 20 C.F.R. § 404.1520(a)(4). If the ALJ finds that a claimant is either disabled or not disabled at any step, the ALJ does not continue to the next step. *Id.*; *see also Parra v. Astrue*, 481 F.3d 742, 746–47 (9th Cir. 2007) (discussing the five-step evaluation in detail).

Page 2 – OPINION AND ORDER

As for the ALJ's assessment of Royal's residual functional capacity (RFC), 20 C.F.R. § 404.1545, the ALJ determined that Royal had the RFC to perform light work with the following additional limitations: he could lift and carry twenty pounds occasionally and ten pounds frequently; he could stand and walk for four hours in an eight hour work day; he could occasionally climb, balance, and crouch, he could not work at unprotected heights; and he had no limitations on sitting and required no assistive devices. (Tr. 18.)

At step four, the ALJ determined that Royal was unable to perform any past relevant work. (Tr. 21.) In light of the RFC, the ALJ found at step five that jobs exist in significant numbers in the national economy that Royal could have performed, including such representative occupations of storage rental clerk, office helper, and mailroom clerk. (Tr. 22.)

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotation and citation omitted). To determine whether substantial evidence exists, the court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014).

## DISCUSSION

At issue in this review is whether the ALJ properly evaluated Royal's subjective symptom testimony and the related lay witness testimony of Royal's ex-wife. To determine

whether a claimant's testimony about subjective pain or symptoms is credible, an ALJ must perform two stages of analysis. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017); 20 C.F.R. § 404.1529. First, the claimant must produce objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged. *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090; 1102 (9th Cir. 2014); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).[4] Second, absent affirmative evidence that the claimant is malingering, the ALJ must provide specific, clear and convincing reasons for discounting the claimant's testimony regarding the severity of the symptoms. *Trevizo*, 871 F.3d at 678; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The ALJ must make findings that are specific enough to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015).

Clear and convincing reasons for rejecting a claimant's testimony "include conflicting medical evidence, effective medical treatment, medical noncompliance, inconsistencies in the claimant's testimony or between her testimony and her conduct, daily activities inconsistent with the alleged symptoms, and testimony from physicians and third parties about the nature, severity and effect of the symptoms" about which the claimant complains. *Bowers v. Astrue*, No. 11-cv-583-SI, 2012 WL 2401642, at *9 (D. Or. June 25, 2012) (citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008)); *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2013).

---

[4]   The ALJ did not clearly state in his opinion whether Royal produced objective medical evidence of his underlying impairments that could reasonably be expected to produce the symptoms alleged. *See* (Tr. 18-19). Nevertheless, because plaintiff challenges the ALJ's failure to provide "clear and convincing bases supported by substantial evidence in the record to reject Royal's subjective symptom testimony," Pl. Br., ECF No. 17 at 16, the Court assumes the ALJ did so, and analyzes the appropriateness of the ALJ's decision in the second stage of this two-stage analysis.

Page 4  –  OPINION AND ORDER

The Ninth Circuit demands more than a summary of the medical evidence and generic, high-level reasons why a claimant's allegations conflict with that evidence. *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). The Ninth Circuit "requires the ALJ to specifically identify the testimony [from a claimant] she or he finds not to be credible and . . . explain what evidence undermines that testimony." *Id.*; *Brown-Hunter*, 806 F.3d at 494. Yet "[o]ur cases do not require ALJs to perform a line-by-line exegesis of the claimant's testimony, nor do they require ALJs to draft dissertations when denying benefits." *Lambert*, 980 F.3d at 1277.

The ALJ did not make a finding of malingering and provided three reasons for discounting Royal's symptom testimony: (1) objective medical evidence conflicts with the severity of Royal's alleged symptoms; (2) his activities of daily living conflict with his alleged limitations; and (3) his conservative treatment history. *Ghanim*, 763 F.3d at 1163. Plaintiff argues that the ALJ erred by discounting Royal's symptom testimony. First, plaintiff argues that the ALJ erroneously relied on medical opinions that were based on "a limited and incomplete medical record." (Pl.'s Opening Br., ECF No. 17 at 12.) Second, plaintiff argues that the ALJ failed to explain the "activities of daily living" basis with sufficient specificity, and that Royal's activities did not in fact call his symptom testimony into question. (*Id.* at 14-15.) Third, plaintiff argues that Royal's treatment was not conservative at all, but that "treatment options included surgical intervention." (*Id.* (citing Tr. 278).) Ultimately, plaintiff asserts that the objective medical evidence, record of conservative treatment, and activities of daily living the ALJ cited were not clear and convincing reasons, supported by substantial evidence, to discount Royal's testimony. (*Id.* at 12-16.)[5]

---

[5]    Plaintiff also argues that, under *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996), an

Page 5  – OPINION AND ORDER

As discussed below, the ALJ did more than cite generalized, non-specific reasons. The ALJ adequately explained how evidence of Royal's conservative treatment, and objectively contradictory medical evidence undermined his testimony with sufficient specificity. The ALJ's reasons are backed by substantial evidence and provide specific, clear and convincing support for discounting Royal's subjective symptom testimony.

A.   *Inconsistency with Objective Medical Evidence*

In evaluating a claimant's subjective symptom testimony, an ALJ may consider whether it is consistent with objective medical evidence. 20 C.F.R. § 404.1529(c)(1)-(3); SSR 16-3p, *available at* 2017 WL 5180304, at *7-8. "When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) (emphasis in original).

In the decision, the ALJ detailed with specificity many inconsistencies between Royal's alleged symptoms and the objective medical evidence in the record. The ALJ discussed that with respect to Royal's right foot and knee pain and right grip weakness, he complained of chronic pain and grip weakness. (Tr. 19-20). The ALJ cited the persuasive medical opinions of Dr. Leinenbach and partially persuasive opinions of the non-examining state agency medical consultants, showing Royal had a normal gait, intact sensation, and full muscle strength. (Tr. 19)

---

ALJ may not reject a plaintiff's subjective symptom testimony "simply because there is no showing that the impairment can reasonably produce the *degree* of symptom alleged." Pl. Br., ECF No. 17 at 11 (emphasis in original). Plaintiff misunderstands the ALJ's task. Rather, the ALJ must offer specific, clear, and convincing reasons supported by substantial evidence for discounting symptom testimony. *Lingenfelter*, 504 F.3d at 1036; *Smolen*, 80 F.3d at 1281. That is precisely what the ALJ did here.

(citing Tr. 277, 297, 302, 337, 340, 345, 550, 563-64, 575, 646, 650, 653). Moreover, despite Royal's allegations of hand weakness, the ALJ noted that he told one doctor it was only a "mild" problem, and the doctor watched him grip and hold objects without issues. (Tr. 19) (citing Tr. 269, 271). Based on these records, the ALJ concluded the objective medical evidence did not support Royal's testimony concerning the severity of his knee, foot, or hand symptoms.

Plaintiff also argues that the ALJ should have given more weight to the opinion of Dr. Brandon Bishop, who recommended that Royal should elevate his foot while resting and ice his ankle twice a day. (Pl.'s Opening Br., ECF No. 17 at 12-14 (citing Tr. 278).) Following a July 2019 visit, Dr. Bishop assessed Royal with posttraumatic osteoarthritis of the right ankle and/or foot, nondisplaced fracture of body of right calcaneussequela, and degenerative joint disease of the right subtalar joint. (Tr. 278.) He advised Royal to ice his foot for twenty minutes at least twice a day and to elevate his foot while at rest. (Tr. 278.) The ALJ found this opinion unpersuasive because it conflicted with other contemporaneous medical records. (Tr. 19-20); *see* 20 C.F.R § 404.1520c(c)(1)-(2). For instance, Dr. Bishop's own treatment note showed that, while Royal had some swelling and pain in his right foot, his sensation was intact and he was in no apparent distress. Tr. 277. Other medical records from that time period confirmed that Royal walked with a normal gait, had intact sensation, and exhibited full muscle strength. (Tr. 302, 297, 337, 340, 345, 550, 563-64, 575, 646, 650, 653.) Because Dr. Bishop's recommendations were at odds with these other objective medical records from the same time period, the ALJ reasonably concluded that Dr. Bishop's opinion was unpersuasive.

Substantial evidence backs the ALJ's conclusion. In this context, "substantial evidence" "means only 'such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion.'" *Biestek*, 139 S. Ct. at 1150 (internal citation omitted). As noted above, numerous medical records support the ALJ's decision to find Royal's symptoms less severe than alleged. Records showing normal gait and full muscle strength undermine testimony of debilitating foot and knee pain. Records showing plaintiff had only "mild" grip weakness and full motor strength in both hands undermined his testimony of disabling grip weakness as well. (Tr. 269, 271). This evidence is "more than a scintilla," and based on these records, the ALJ reasonably concluded that Royal's allegations of disabling symptoms are not entirely consistent with the medical record. *Thomas,* 278 F.3d at 959 ("If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing."); *Campbell v. Saul*, 848 F. App'x 718, 721-22 (9th Cir. 2021) (upholding ALJ's rejection of subjective symptom testimony in part because his complaints were not supported by any medical source opinion).

Ultimately, the ALJ relied on these inconsistencies in the objective medical evidence to discount Royal's symptom testimony concerning problems with his knee, foot, and hand. Although plaintiff disagrees with the ALJ's analysis, the ALJ's findings are fully supported by substantial evidence, are a reasonable interpretation of that evidence, and therefore must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *see also Kevin R. H. v. Saul*, Case No. 6:20-cv-00215-IM, 2021 WL 4330860, at *8 (D. Or. Sept. 23, 2021).

Plaintiff counters that the ALJ failed to identify substantial evidence to support the decision to discount Royal's symptom testimony. Specifically, plaintiff cites medical records from four months after Dr. Leinenbach examined Royal, where he found significant

osteoarthritis, and subsequent medical appointments showing foot pain and a right foot edema. ECF No. 17 at 12 (citing, e.g., Tr. 277, 280). Plaintiff argues that these aspects of the medical record ought to overcome the evidence relied upon by the ALJ—that records showing Royal's "normal gait, with intact cranial nerve function, as well as intact strength, sensation, reflexes, and muscle tone" undermined the severity of his symptom testimony. (Tr. 20). But this court will neither reweigh the evidence the ALJ reasonably considered nor substitute its judgment for that of the Commissioner when the evidence can reasonably support either affirming or reversing the decision. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Instead, where the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld if it is "supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted). The court declines plaintiff's invitation to reevaluate the evidence. The court finds the inconsistencies in the objective medical record identified by the ALJ are supported by substantial evidence in the record as a whole and are sufficiently specific to permit the court to conclude that Royal's subjective symptom testimony was not arbitrarily discredited; the ALJ did not err. *Brown-Hunter*, 806 F.3d at 493.

B.  *Conservative Treatment*

The ALJ also reasonably cited Royal's conservative course of treatment as a reason to discount his subjective symptom testimony about his hand, knee, and foot. Conservative treatment can be "sufficient to discount a claimant's testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d at 750-51 (citation omitted). As the ALJ noted, during the relevant period, plaintiff managed his symptoms largely by using over-the-counter and prescription medication. (Tr. 20, 254-55, 261, 275, 277, 467). In late 2018, Royal informed the

agency he was only using medication for his blood pressure and cholesterol, and he stated he was not using any medicine for pain. (Tr. 201, 222); *see also* (Tr. 231) (referring to same medication in mid-2019). And in July 2019, Royal's representative stated that Royal was "currently not receiving treatment for his orthopedic conditions." (Tr. 235). This relatively conservative treatment record further called Royal's disability claim into question, and was a clear and convincing reason, supported by substantial evidence, for the ALJ to discount Royal's subjective symptom testimony.

      Plaintiff responds that the ALJ erred in finding Royal's treatment "conservative," because one of his treatment options for his foot pain included surgery. ECF No. 17 at 14, citing (Tr. 278). But plaintiff did not in fact pursue surgical intervention for his foot pain, s*ee id*, and the surgical recommendation came from a medical opinion the ALJ found unpersuasive (a finding plaintiff does not challenge). Furthermore, courts have upheld conservative treatment findings under similar circumstances. *See Hanes v. Colvin*, 651 F. App'x 703, 705-06 (9th Cir. 2016) (upholding ALJ's conservative treatment finding where the claimant's treatment "consisted primarily of minimal medication, limited injections, physical therapy, and gentle exercise"); *Lorilyn W. v. Comm'r Soc. Sec. Admin.,* No. 6:19-CV-00925-YY, 2020 WL 7028475, at *4 (D. Or. Nov. 30, 2020) (upholding ALJ's conservative treatment finding where plaintiff was treated "with NSAIDs, an injection, and physical therapy"). Thus, the ALJ did not err in discounting Royal's testimony based on his conservative treatment history. The court concludes that when this reason is combined with inconsistencies in the objective medical evidence, the ALJ has provided specific, clear and convincing reasons, backed by substantial evidence, to discount plaintiff's subjective symptom testimony.

C. *Activities of Daily Living*

Activities of daily living may provide a basis for discounting a claimant's subjective symptoms if those activities contradict testimony of total disability or meet the threshold for transferable work skills. *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012); *superseded by regulation on other grounds as stated in Schuyler v. Saul*, 813 F. App'x 341, 342 (9th Cir. 2020); *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). To do so, an ALJ must cite with specificity "which daily activities conflicted with which part of [Plaintiff's] testimony." *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014).

The ALJ discussed Royal's activities of daily living, and found that they conflict with his symptom allegations. The ALJ detailed that Royal was able to perform adequate self-care, do household chores, run errands, and go out to the store. (Tr. 20) (citing Tr. 206-08, 269). Royal also described that he went out a lot because he did not like being inside. (Tr. 208). He also worked on his father's ranch after his alleged disability onset date. (Tr. 39, 287, 329, 339). The ALJ summarily concluded that "[t]hese activities indicate a higher level of function than that alleged by the claimant." (Tr. 20). Although the ALJ claimed Royal's daily activities were inconsistent with his allegations, the ALJ failed to specify what activities she was referring to and failed to explain how any of the cited activities undermined Royal's testimony. *See* (Tr. 20). As the ALJ did not explain "which daily activities conflicted with which part of [Plaintiff's] testimony," she erred. *See Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) (emphasis in original); *see also Lester*, 821 F.3d at 834 (citation omitted) ("General findings [of credibility] are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.").

The Government argues the Court should look to the entire record to find support for the ALJ's decision to discount plaintiff's subjective symptom testimony. ECF No. 18 at 7. To be sure, as the Government points out, when considering whether a plaintiff's activities of daily living undermined subjective symptom testimony, the court must look at "*all* the pages of the ALJ's decision." *Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022). The court has reviewed the decision and not found mention of what testimony the activities of daily living purportedly undermine. Instead, the ALJ offered a broad statement that Royal's "activities indicate a higher level of function than that alleged by the claimant." (Tr. 20). This is not enough. *Burrell* 775 F.3d at 1138. Accordingly, the ALJ's conclusion that Royal's activities show he is more functional than he alleges is not a clear and convincing reason to discount Royal's testimony. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (recognizing "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations"). The Court, however, finds that the ALJ's error is harmless because, as discussed above, the ALJ provided other clear and convincing reasons supported by record evidence for rejecting Royal's symptom testimony. *See Carmickle v. Comm'r*, 533 F.3d 1155, 1162 (9th Cir.2008) (a single erroneous basis for an ALJ's determination is harmless error if other valid reasons supporting that determination remain). The Court therefore finds the ALJ provided sufficient clear and convincing reasons, supported by substantial evidence, for discounting Royal's subjective symptom testimony.

**D.     Lay Witness Testimony**

Plaintiff further argues that the ALJ erred by rejecting the lay testimony of Royal's ex-wife, Marlene who testified at the December 7, 2020 hearing. (Tr. 31, 35). She stated that Royal last worked as a long-haul truck driver, and that he did "a little bit" of work on his father's farm for about a month during the alleged period of disability. (Tr. 38-40). Marlene testified that Royal had always had problems with his knee and foot, but that both conditions worsened in August 2018. (Tr. 41). He walked with a limp. (Tr. 41-42). He eventually got to the point where he "couldn't stand." (Tr. 42). He went through shoes quickly because of the way he walked and overcompensated with the non-affected foot. (Tr. 45-46). While working as a truck driver, he was advised by his foot doctor that he had broken hardware in his foot from a prior surgery, however, it would be too difficult to remove. (Tr. 44-45). Because of this, he did not seek much treatment. (Tr. 46). Marlene stated, "I guess he figured there was not much more he could do, so he just dealt with the pain." (Tr. 46.) Marlene testified that Royal did not know about his heart issues until he went to the hospital. (Tr. 42). A doctor with whom she spoke at the hospital prior to Royal's death advised that Royal's condition had probably been present for about twenty years based on the symptoms he had been experiencing. (Tr. 42-43). Marlene testified that Royal had reported chest pains in the past, but he attributed it to heartburn. (Tr. 43, 47). Marlene testified that Royal appeared weaker after he stopped working and driving trucks. (Tr. 47).[6]

---

[6]     Defendant also argues, in a footnote, that the ALJ had no obligation to evaluate the lay witness testimony under the revised 2017 regulations. Def. Br., ECF No. 18 at 8, n.3. But the relevant regulation provides: "[w]e are not required to articulate how we considered evidence from nonmedical sources ***using the requirements in paragraphs (a)-(c) in this section***." 20 C.F.R. § 404.1520c(d) (emphasis added). To accept Defendant's reading would render the highlighted part of the sentence superfluous. *See Jerri F. v. Kijakazi*, 1:20-4037-RMG-SVH, 2021 WL 3362227, *14 (D.S.C. July 29, 2021) ("If ALJs were no longer required to provide any

Page 13 – OPINION AND ORDER

The symptoms testified to by Royal's ex-wife are consistent with other symptom evidence Royal submitted with his DIB claim. As explained above, the court has determined that ALJ properly discounted Royal's symptom testimony with clear and convincing reasons supported by substantial evidence. Those reasons apply with equal force to discount the lay witness statement from Royal's ex-wife in this context. And even if the ALJ failed to give Royal's ex-wife's testimony sufficiently rigorous analysis, any error in failing to do so was harmless. Where an ALJ's rationale for discounting a claimant's testimony applies equally to the nonmedical source statements, any error in failing to provide adequate reasons to reject the nonmedical source statements is harmless. *Molina*, 674 F.3d at 1117 (error in lack of reason to reject lay witness statements was harmless); *Valentine v. Comm'r*, 574 F.3d 685, 694 (9th Cir. 2009) (ALJ's valid reasons to reject claimant's testimony also applied to the lay statements). Accordingly, the ALJ did not err, and even if she did, such error was harmless.

\ \ \ \ \

\ \ \ \ \

\ \ \ \ \

\ \ \ \ \

\ \ \ \ \

\ \ \ \ \

---

articulation as to how they considered lay witness statements, the additional language would be superfluous"), *report and recommendation adopted*, CV 1:20-4037-RMG, 2021 WL 3396230 (D.S.C. Aug. 3, 2021). Thus, although the regulations no longer require the application of the requirements (a)-(c), they "do not eliminate the need for the ALJ to articulate analysis of lay-witness statements." *Jason R. v. Comm'r, Soc. Sec. Admin.*, 6:20-CV-01981-MK, 2022 WL 981329, *9 (D. Or. Jan. 21, 2022), *report and recommendation adopted*, 6:20-CV-01981-MK, 2022 WL 980880 (D. Or. Mar. 31, 2022).

Page 14 – OPINION AND ORDER

## CONCLUSION

For the above reasons, the court AFFIRMS the Commissioner's final decision and this action is DISMISSED.

ORDERED on May 10, 2023.

_____
JEFF ARMISTEAD
United States Magistrate Judge